Vacated by Supreme Court, January 7, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5141

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERSHOM CANADY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Rebecca Beach Smith, District Judge.  (CR-05-48)

Submitted:  March 31, 2006          Decided:  April 26, 2006

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender; Gretchen L. Taylor, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gershom Canady appeals the 136-month sentence imposed after he pled guilty to eight drug offenses. He contends on appeal that his sentence is unreasonable in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). We affirm.

Canady contends that his sentence is unreasonable because the district court allegedly failed to consider one of the factors identified at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) in imposing sentence. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court "must consult [the] Guidelines and take them into account when" sentencing a defendant. 125 S. Ct. at 767 (Breyer, J., opinion of the Court). The court should consider the sentencing range along with the § 3553(a) factors, and then impose a sentence. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47 (citations omitted).

In sentencing Canady, the district court considered the properly calculated advisory guideline range and specifically addressed several of the § 3553(a) factors. It is immaterial that the court did not discuss each factor. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). Because the court sentenced Canady within the advisory guideline range and below the forty-year

statutory maximum, <u>see</u> 21 U.S.C. § 841(b)(1)(B) (2000), we conclude that Canady's sentence is reasonable.  Accordingly, we affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>