**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-5141**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

GERSHOM CANADY,

                    Defendant - Appellant.

———————————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 06-6222)

———————————

Submitted:  April 25, 2008            Decided:  May 14, 2008

———————————

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Frank W. Dunham, Jr., Federal Public Defender, Gretchen L. Taylor, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Newport News, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gershom Canady pled guilty to eight drug offenses, including two counts of possession with intent to distribute crack cocaine and two counts of possession with intent to distribute cocaine, and was sentenced to 136 months in prison. Canady appealed his sentence, claiming that: (1) the district court failed to consider one of the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); and (2) the court erroneously refused to consider the 100:1 crack/cocaine disparity. We affirmed his sentence; however, the Supreme Court subsequently vacated the judgment and remanded the case for reconsideration in light of Kimbrough v. United States, 128 S. Ct. 558 (2007). See United States v. Canady, 178 F. App'x 213 (4th Cir. 2006), vacated, 128 S. Ct. 854 (2008).

In Kimbrough, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Kimbrough, 128 S. Ct. at 575. Kimbrough has thus abrogated United States v. Eura, 440 F.3d 625 (4th Cir. 2006) (holding that sentencing court may not vary from guideline range solely because of 100:1 ratio for crack/cocaine offenses), vacated, 128 S. Ct. 853 (2008). The district court did not have the benefit of Kimbrough when it determined Canady's

- 2 -

sentence.  To give the district court the opportunity to reconsider the sentence in light of <u>Kimbrough</u>, we conclude that resentencing is necessary.

We therefore vacate the sentence imposed by the district court and remand for resentencing.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*]On remand, Canady will be resentenced under the guidelines for crack/cocaine offenses that took effect on November 1, 2007.